Nicholson, C. J.,
delivered the opinion of the court.
Anne Carney sued W. W. Etter in the Law-Court at Memphis, in replevin for seizing and detaining a carriage. -The writ was returned executed on *233 Etter, but that the carriage was not in his possession. Declaration was filed, and plea of not guilty entered. John McDonald & Co. were substituted- as defendants in place of Etter, by consent of parties.
At the January Term, 1871, the case was tried by a jury, who . rendered a verdict for plaintiff for $73.57, on which judgment was rendered. On this judgment execution issued.
At the May Term, 1871, on motion of the defendants, the following order was made : “ It appearing to the court, that on the 17th of January, 1871, this case came on for trial, and that a jury was regularly called and sworn,. to try said case, and after hearing the evidence, argument and charge of the court, said jury returned a verdict in . favor of the defendants, in the sum of $73.57 against the plaintiff, but through error of the clerk, judgment was entered up in favor of the plaintiff, and against the defendants, in said sum of $73.57, it is ordered that the clerk be allowed to correct said entry of January 17, 1871, etc., and that the execution issued therein be quashed.”
On the judgment so corrected, an execution issued, which was superseded by the fiat of J. E. R. Ray, Judge of Circuit Court, on the • 15th of July, 1871. The supersedeas was granted in pursuance of the petition of Anne Carney for writ of error eoram nobis and supersedeas. Petitioner states that she was ignorant of the rendition of the judgment until the execution was about being levied on her property; that she and her attorney were both absent when the *234 cause was tried, her attorney being engaged in causes in another county. She states that the judgment against her was unjust, and that as she did not get possession of the carriage by her writ of replevin, the judgment ought only to have been for costs against her, whereas it was for $73.57 and costs.
The writ of error eoram nobis was returnable to the September Term of the court. During that term— to-wit: on the 2d' of October, 1871 — judgment by default was taken against the petitioners for failing to file assignment of error, .and- the petition dismissed and the supersedeas discharged.
The transcript of the entire record being presented to one of the Supreme Judges, the writ of error was ordered to issue on the 27th of March, 1872, to bring up the case, and the writ of supersedeas to supersede the execution issued upon the judgment-rendered on dismissal of the writ of error eoram nobis.
A motion is now made by the defendant to the petition for writ of error eoram nobis to discharge the supersedeas. The writ of error brings the whole record up, and we are to examine into and correct all such errors as have occurred.
There was no error in the dismissal of the petition for writ of. error eoram nobis. The statement that the cause was tried, and judgment rendered in the absence of petitioner’s attorney, is insufficient, for two reasons: first, the record • recites that the cause was tried in the presence of the attorneys of the parties. It is not competent to contradict the record, as ground for a writ of error eoram nobis. In the *235 nest place, petitioner shows that she was guilty of negligence in not having an attorney in attendance when her cause was tried. The petition for writ of error coram nobis was therefore properly dismissed upon the judgment by default, and would properly have been dismissed on motion, as no valid assignment of error could have been made upon the petition.
But upon examination of the judgment on which the execution issued which was superseded upon petition for writ of error eoram nobis and supersedeas, we find the fiat specifies the judgment as having been rendered on the 17th of January, 1871, for $73.57 in favor of John McDonald & Co., against Anne Carney. The question arises whether there is any such valid judgment. We have already seen that ' the judgment rendered on the 17th of January, 1871, as it appears on the record, was in favor of Anne Carney against John McDonald & Co., for $73.57. We have also seen that at the next term of the court, on motion, the clerk was directed to correct the entry made at the January Term, so as make it read that John McDonald Co. secured judgment against Anne Carney for $73.57. Did the court have the power to order such a correction of its record of a former term? And if so, does the record ordering the correction recite the facts necessary to give the court jurisdiction ?
By sec. 2877 of the Code, the court may at any time within twelve months after final judgment, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, *236 or other mistakes or omission in the judgment, when there is sufficient matter apparent on the record, the papers in the case, or entries of a presiding Judge to amend by. By sec. 2879, ten days’ notice of the motion must be given, if the cause has been finally disposed of.
It appears that the motion was made within twelve months, and while the cause was still in court, for the execution of the judgment. The court, therefore, had the power to order the correction of the clerical mistake. But in doing .so, the Judge was in the exercise of a special jurisdiction — a jurisdiction which, by the principles of the common law, he could not have exercised. It was therefore essential ■ to the validity of the order made, that it should have shown, either that the error was apparent on the record, or in the papers, or on the minutes of the Judge; and in addition, it should appear that the opposite party was duly notified. None of these essential requisites appear in the record ordering the correction. We are, therefore, of opinion that this order was a nullity, and that the original entry on the record of January 17, 1871, is still the valid judgment in the case, and that the order and judgment at the May Term, 1871, quashing the execution which issued on the judgment of January 17, 1871, in favor of Anne Carney against John Mcdonald & Co., was erroneous. It follows also that the judgment rendered at the September Term, 1871, against Anne Carney and her surety on the dismissal of her petition for writ of error and supersedeas, was *237 erroneous and void, and that the writ of error to this court and the supersedeas were. properly granted.
The motion to discharge the supersedeas and dismiss the petition for writ of error is disallowed, and the judgments rendered at the May Term, 1871, and at September Term, 1871, are reversed, and the judgment rendered at the January Term, 1871, left in force.